UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

July 27, 2023

MEMORANDUM TO PARTIES RE:	Brandon Starks, Sr. v. Mayor & City
	Counsel of Baltimore City, et al.
	Civil Action No. GLR-22-1174

Dear Parties:

Pending before the Court is Defendants Mayor and City of Baltimore and City of Baltimore Department of Public Works' ("DPW") Motion to Dismiss, or in the Alternative, for Summary Judgment. (ECF No. 17). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motion.

**Background**

Self-represented Plaintiff Brandon Starks, Sr. began working for DPW as a mechanical street sweeper operator in April 2016.[1] (See EEOC Charge Docs. at 3, ECF No. 1-1). On unspecified dates in 2019, Starks' supervisor, Sheila Carey, made unwelcome advances and sexual comments towards him. (Id.). When Starks did not respond to her advances, she retaliated against him by "cutting [his] overtime opportunities." (Id.). Starks complained to DPW about Carey's behavior on or about July 21, 2020. (DPW Investigation Report at 5, ECF No. 1-3). DPW promptly began the process of transferring Carey to another facility, which became final on July 30, 2020. (Id.). Accordingly, to DPW, Carey was later terminated. (Mem. Law Supp. Defs.' Mot Dismiss ["Mot."] at 3, ECF No. 17-1).

On September 19, 2021, another DPW employee, Gayle Brown, also sexually harassed Starks. (EEOC Charge Docs. at 3). A DPW Superintendent, Robin Ghee, witnessed the incident. (Id.). Starks reported the incident to DPW and Brown was also moved to a different work location. (Id.). DPW alleges that Brown was later terminated. (Mot. at 3).

On January 18, 2022, Starks filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (EEOC Charge Docs. at 3). The EEOC issued a Right to Sue Letter on February 17, 2022. (Id. at 1). On May 17, 2022, Starks filed his Complaint against the Mayor and City Counsel of Baltimore City and DPW[2] alleging discrimination, harassment, and

---

[1] Unless otherwise noted, the Court takes the following facts from Starks' Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[2] In their Motion, Defendants argue that Starks' claims against DPW must be dismissed because it is not an entity that can sue or be sued—the Mayor and City Council of Baltimore are

retaliation under Title VII of the Civil Rights Act of 1964 and a violation of a Baltimore City employment policy.[3] (ECF No. 1). He seeks $150,000 in compensatory and emotional damages. (Compl. at 6−7, ECF No. 1). Defendants filed the instant Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 17) on December 2, 2022. Starks filed an Opposition on February 13, 2023 (ECF No. 21) and Defendants filed a Reply on March 6, 2023 (ECF No. 24).

**Conversion**

Defendants' Motion is styled as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. See Kensington Vol. Fire Dep't, Inc. v. Montgomery Cnty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd, 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

The Court declines to convert Defendants' Motion into one for summary judgment. Nevertheless, the Court will consider the three documents attached to Starks' Complaint. (ECF Nos. 1-1, 1-2, 1-3). Although a court may not ordinarily consider extrinsic evidence when resolving a Rule 12(b)(6) motion, see Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011), this general rule is subject to several exceptions. For example, a court may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c) so long as they are integral to the complaint and authentic, see Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Here, the Court finds that the documents attached to Starks' Complaint are integral to the complaint and authentic. The attachments are: documents related to Starks' EEOC Charge (ECF No. 1-1); the Baltimore City anti-sexual harassment policy (ECF No. 1-2); and the DPW investigation report regarding Carey's conduct (ECF No. 1-3). The Court will therefore consider this extrinsic evidence in its analysis of the Motion to Dismiss.

**Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

---

the only proper Defendants. (Mot. at 6). Starks does not make an opposing argument. Accordingly, the Court will dismiss the claims against DPW and direct the clerk to terminate it from the docket.

[3] Starks alleges that DPW violated a Baltimore City employment policy that prohibits sexual harassment. (See Compl. at 4−5). Nevertheless, employment policies are not laws and Starks does not provide any authority to support his theory that a violation of such a policy creates a valid cause of action. Accordingly, Starks' claims are dismissed to the extent he pleads a violation of Baltimore City employment policies.

King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012), aff'd, 546 F.App'x 165 (4th Cir. 2013)).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). Complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, and courts must liberally construe these complaints. See Johnson v. Silver, 742 F.2d 823, 825 (4th Cir. 1984). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**Analysis**

In their Motion, Defendants first argue that Starks' claims regarding Carey's sexual harassment must be dismissed because Starks did not file a timely EEOC charge. (Mot. at 7). Specifically, Defendants argue that because Carey's behavior occurred in 2019 and Starks did not file a charge until January 18, 2022, that his charge falls outside the 300-day filing period. (Id.). The Court agrees.

"Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." Cowgill v. First Data Techs., Inc., 41 F.4th 370, 383–84 (4th Cir. 2022). "In Maryland, a charging party must file an EEOC Charge within 300 days of the alleged unlawful employment practice." Van Slyke v. Northrop Grumman Corp., 115 F.Supp. 2d 587, 592 (D.Md. 2000), aff'd, 17 F.App'x. 154 (4th Cir. 2001) (citing 42 U.S.C. § 2000e–5(e)(1)).

Here, Starks does not specify the exact dates of Carey's sexual harassment and retaliation, but he alleges that they occurred in 2019. (EEOC Docs. at 3). Consequently, Starks' charge was late because more than 300 days passed between the end of 2019 and January 18, 2022. Starks does not make an argument to the contrary. Accordingly, his claims relating to Carey's harassment will be dismissed.

Second, Defendants argue that Starks' claims relating to Brown's alleged sexual

3

harassment must be dismissed because Starks did not establish a basis for imputing liability to the Mayor and City Counsel of Baltimore City. (Mot. at 9). Again, the Court agrees:

> To establish a claim for sexual harassment, a plaintiff must prove that the offending conduct (1) was unwelcome, (2) was based on h[is] sex, (3) was sufficiently severe or pervasive to alter the conditions of h[is] employment and create an abusive work environment, and (4) was imputable to h[is] employer.

Nana-Akua Takyiwaa Shalom v. Payless Shoesource Worldwide, Inc., 921 F.Supp.2d 470, 483 (D.Md. 2013) (cleaned up). Sexual harassment is imputable to the employer where the employer's agency relationship with the harasser aided in the alleged harassment. See Church v. Maryland, 180 F.Supp.2d 708, 732 (D.Md.), aff'd, 53 F.App'x 673 (4th Cir. 2002). Usually, this means the harasser is a supervisor with authority over the plaintiff, such that the harassment renders the plaintiff "vulnerable . . . and defenseless" against "a continuing threat to her employment." See id. at 733. Additionally, sexual harassment can be imputable to the employer even when the harasser has no authority if the employer was "negligen[t] in failing, after actual or constructive knowledge, to take prompt and adequate action to stop it." Mikels v. City of Durham, 183 F.3d 323, 332 (4th Cir. 1999).

Here, Starks identifies Brown as his co-worker and he does not allege that she had any authority over him. (See Compl. at 6). Further, Starks also fails to allege that DPW was negligent in failing to take prompt and adequate action to stop the harassment. To the contrary, Starks says that after he reported Brown, DPW moved her to a different work location. (EEOC Charge Docs. at 3). Even construing these facts in the light most favorable to Starks, the Court cannot infer that DPW was negligent in its response to Brown's conduct. Accordingly, Starks' claims regarding Brown will be dismissed.

**Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as a motion to dismiss (ECF No. 17), is GRANTED and the Complaint (ECF No. 1) is DISMISSED. Further, the Clerk is directed to TERMINATE City of Baltimore Department of Public Works as a Defendant. The Clerk is further directed to CLOSE this case and MAIL a copy of this Order to Starks. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

                                                    Very truly yours,

                                                    _____/s/_____
                                                    George L. Russell, III
                                                    United States District Judge